HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PILRANG BAE OWA,

          Plaintiff,

       v.

FRED MEYER STORES (Western region
subsidiary Corp. of THE KROGER
COMPANY); ADVANCED FRESH
CONCEPTS FRANCHISE
CORPORATION,

          Defendants.

Case No.  2:16-CV-01236-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Defendant Fred Meyer Stores's ("Fred Meyer") partial Motion to Dismiss Plaintiff Pilrang Bae Owa's ("Plaintiff") Complaint. Dkt. # 3.  Plaintiff opposes the Motion to Dismiss.  Dkt. # 8.  For the reasons set forth below, the Court **GRANTS** Fred Meyer's Motion.

## II.   BACKGROUND

Defendant Advanced Fresh Concepts Franchise Corporation ("AFCFC") leases space on premises owned by Fred Meyer.  Dkt. # 3 at Ex. A.  On December 20, 2012, Plaintiff, a Korean native who speaks "scant" English, entered into a five-year Franchise Agreement ("Contract") to produce sushi for AFCFC on the leased premises.  Dkt. # 1-2 at 5.  The Contract states that Plaintiff is an independent contractor of AFCFC and the

ORDER – 1

two are not "partners, joint venturers, principal-agent, employer-employee, or other relationship with each other." *Id*. at Ex. A at 27.  The Contract provides that Plaintiff will receive a percentage of the sushi sales at the food service counter, as reported by Fred Meyer to AFCFC.  *Id*. at Addendum 1.

Plaintiff claims that Defendant's employees discriminated against, harassed, and bullied Plaintiff while she was operating her franchise. *See generally* Dkt. # 1-2. Plaintiff lists a series of events which she perceives to be discriminatory.  *Id*.  For example, Plaintiff alleges that a male deli employee poured water on her face and another instance where a deli employee sprayed a cleaning solution on her face.  *Id*. at 8; *see also, e.g.*, Dkt # 1-2 at 7-12 (citing additional alleged instances of verbal and physical harassment by Defendants towards Plaintiff.).

In April 2016, Plaintiff filed this action.  Dkt. # 1-2.  Along with her claims for discrimination, she alleges loss of consortium because her husband filed for separation as the result of her work issues.  *Id*. at 8.  Additionally, Plaintiff alleges that she was injured in an accident while working and her injury prevented her from completing the terms of her Contract with AFCFC.  *Id*. at 14.  Plaintiff further alleges she was constructively discharged because she stopped working after the loss of the use of her hand.  *Id*. at 15. Plaintiff claims she was deprived of twenty months remaining under her Contract.  *Id.*

Plaintiff initially filed this action in King County Superior Court.  Dkt. ## 1, 2, 3. On August 5, 2015, Fred Meyer removed this action to this Court based on diversity of citizenship.  Dkt. # 1.  On August 12, 2016, Fred Meyer filed a Motion to Dismiss eight of Plaintiff's claims.  Dkt. # 3.  Plaintiff opposed Fred Meyer's Motion to Dismiss, and Fred Meyer filed a Reply.  Dkt. ## 8, 26.  In response to Fred Meyer's Reply, Plaintiff filed a Motion to Strike and for Sanctions.  Dkt. # 28.  The Court denied Plaintiff's Motion to Strike and for Sanctions.  Dkt. # 65.  Additionally, AFCFC filed a Motion to Compel Arbitration, which the Court granted, thereby staying the matter as to AFCFC. Dkt. ## 32, 65.

ORDER – 2

### III.  LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6).  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  A court may also consider evidence subject to judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### IV.  DISCUSSION

Plaintiff alleges nine causes of action in her Complaint: (1) violations of the Washington Law Against Discrimination (WLAD); (2) negligent supervision of Defendant's agents; (3) premises negligence via res ipsa loquitur; (4) premises negligence via common law; (5) premises negligence per se under the Occupational Safety and Health Act (O.S.H.A.); (6) intentional infliction of emotional distress; (7) loss of consortium; (8) tortious interference with business expectancy; and (9) public policy tort.  Dkt. # 1-2.

Fred Meyer seeks dismissal of the claims for violation of the WLAD; loss of consortium; tortious interference with business expectancy; and public policy tort for

ORDER – 3

failure to state a claim upon which relief may be granted.  Dkt. # 3.

**A. Violation of the WLAD**

Plaintiff's WLAD claim includes five sub-parts: (1) retaliation (2) failure to provide a reasonable accommodation, (3) race-based harassment, (4) unlawful discrimination, and (5) discrimination by association.  *Id.*  Fred Meyer moves to dismiss these claims, in part, because Fred Meyer asserts that Plaintiff was not its employee.  Dkt. ## 3, 26.  Fred Meyer argues that there is no legal basis for "extending the WLAD's employment protections to a person, like Plaintiff, who has neither an employment nor a contractual relationship with a defendant."  Dkt. # 26 at 2.

1. Retaliation, Failure to Provide a Reasonable Accommodation, and Race-Based Harassment

Plaintiff's claims for retaliation, failure to provide reasonable accommodation, and race-based harassment are similar in that they require an employee-employer relationship.  *See* RCW 49.60.210 ("[i]t is an unfair practice for any *employer*. . . to retaliate.) (emphasis added); RCW 49.60.180 ("[i]t is an unfair practice for any *employer*[]. . .") (emphasis added); *see also Malo v. Alaska Trawl Fisheries, Inc.,* 92 Wash. App. 927, 965 (1998) (confirming that the term "or other person" is restricted by the words "employer," "employment agency," and "labor union.").[1]  As such, the Court will analyze these claims together.

Plaintiff argues she was "engaged as an 'employee' in an 'employee-employer relationship' on behalf of the Defendants under Washington's 'payroll method' test."  Dkt. # 1-2 at 5.  Plaintiff cites to *Sedlacek v. Hillis*, 104 Wash. App. 1, 3 (2000), *rev'd on other grounds*, 145 Wash. 2d 379 (2001), which explains that under the payroll method, an individual's name on the employer's payroll for a particular period will ordinarily

---

[1] Instead of identifying the specific provisions, Plaintiff cites generally to the WLAD for these three claims.  *See* Dkt. # 1-2.  The Court construes Plaintiff's retaliation claim under RCW 49.60.210, her claim for failure to provide a reasonable accommodation under RCW 49.60.180, and her claim for race-based harassment under RCW 49.60.180.

ORDER – 4

demonstrate an employment relationship.  *Id*.  For support, Plaintiff attaches two exhibits. Dkt. # 1-2 at 5.  First, Plaintiff attaches "Sushi Merchandising Standards," which outlines the policies and procedures required as a deli manager.  *Id*. at Ex. 1.  This exhibit does not show Plaintiff's name on Fred Meyer's payroll.  Second, Plaintiff attaches "Statement re: Net Remittance," which appears to be a document issued to Plaintiff by AFCFC to account for sushi sales, insurance costs, and produce supplies.  *Id*. at Ex. 22.  This exhibit also does not demonstrate that Plaintiff was on Fred Meyer's payroll.  Thus, neither of these exhibits establishes that Plaintiff was on Fred Meyer's payroll.

According to the Complaint, the only employment related contract that exists in this case is between Plaintiff and AFCFC.  The language of that contract explicitly states that the parties "shall be independent contractors and not . . . employer-employee."  Dkt. # 3 at Ex. A.  The Contract, to which Fred Meyer is not a signatory, plainly rejects the notion that Plaintiff is an employee of AFCFC.  *Id*.  If Plaintiff is not an employee of AFCFC, then she is not an employee of Fred Meyer.  Upon finding that no such employer-employee relationship exists between Fred Meyer and Plaintiff, the Court **DISMISSES** with prejudice Plaintiff's claims for retaliation, failure to provide reasonable accommodation, and race-based harassment.

2. Unlawful Discrimination Under RCW 49.60.030(1)

Plaintiff asserts a claim for unlawful race, national origin, and gender discrimination.  Dkt. # 1-2 at 15.  Fred Meyer moves to dismiss this claim, arguing that Plaintiff was not an employee of Fred Meyer and is therefore not protected by RCW 49.60.030.  Dkt. # 3 at 6.  However, unlike RCW 49.60.210 and RCW 49.60.180, discussed above, RCW 49.60.030 is not limited to employer-employee relationships.  *See Marquis v. City of Spokane*, 130 Wash. 2d 97, 113(1996) (holding "the broad recognition of rights contained in RCW 49.60.030(1) includes the right of an independent contractor to be free of discrimination based on sex, race, national origin, religion, or disability in the making or performing of a contract for personal services.").

ORDER – 5

Although no employer-employee relationship is necessary for a claim under RCW 49.60.030(1), some kind of contractual relationship generally must exist. For example, in *Marquis v. City of Spokane*, the court "liberally construed" RCW 49.60.030(1), but the plaintiff in that case nevertheless had a contract with the defendant. 130 Wash. 2d at 97. Here, Plaintiff does not allege that any kind of contractual relationship existed between her and the Fred Meyer. Indeed, the Contract was between Plaintiff and AFCFC; Fred Meyer was not a signatory to the Contract. *See* Dkt # 3 at Ex. A. Accordingly, Plaintiff did not properly plead a claim under RCW 49.60.030(1), and the Court **DIMISSES** with prejudice Plaintiff's claim for unlawful discrimination.

3. Discrimination by Association

Plaintiff asserts a claim for discrimination by association under the WLAD.[2] Dkt. # 1-2 at 17. However, discrimination by association claims are not recognized in Washington. Dkt. # 3 at 11; *Sedlacek v. Hillis*, 145 Wash. 2d 379, 392 (2001) (finding "the Legislature has not extended the WLAD to include a prohibition against association discrimination."). Therefore, the Court **DIMISSES** with prejudice Plaintiff's claim for discrimination by association.

**B. Loss of Consortium**

Plaintiff asserts a claim for loss of consortium. Dkt. # 1-2 at 3. Plaintiff alleges that, due to Fred Meyer's conduct, (1) her husband filed for divorce, and (2) her husband had a "stroke caused by the mental and physical harm of Plaintiff directly and proximately caused by the Defendants." *Id*. Plaintiff claims she lost the benefit of her husband's affection and services as a result of Fred Meyer's conduct. *Id.* Fred Meyer moves to dismiss this claim, arguing that Plaintiff's own alleged injury (*i.e.,* separation from her husband) is not a proper basis for a loss of consortium claim. Dkt. # 3 at 12.

Under Washington law, a loss of consortium claim is brought by a "deprived"

---

[2] In support of this claim, Plaintiff cites to WAC 162-16-150. However, WAC 162-16-150 was repealed in 1999. The Court reminds counsel to be diligent and to cite valid authority.

ORDER – 6

spouse who suffers the loss of affection and services from an "impaired" spouse. *Reichelt v. Johns-Manville Corp.*, 107 Wash. 2d 761, 733 (1987). The Restatement (Second) of Torts, which Washington courts recognize, defines the "deprived" spouse as the one who suffers loss of services and society and the "impaired" spouse as the spouse who suffers bodily injury. *See id.*; Restatement (Second) of Torts § 693 (1977) ("The spouse, whether husband or wife, who suffered the bodily harm as a result of the tortious conduct of the defendant is identified as the impaired spouse. The other spouse, who brings the action for loss of services and society, is identified as the deprived spouse."). Damages for loss of consortium are proper when a spouse suffers loss of affection and services due to a tort committed against the impaired spouse. *Burchfiel v. Boeing Corp.*, 149 Wash. App. 468, 494 (2009).

Here, Plaintiff alleges she is the impaired spouse—purportedly injured by Fred Meyer—and she also claims she is the deprived spouse—deprived of her husband's affection and services after he filed for divorce. Dkt. # 1-2 at 3. But Plaintiff fails to identify any legal authority supporting her assertion that she has a claim as both the deprived and the impaired spouse. If Plaintiff is the impaired spouse, which is what she asserts, then she is not the proper party to bring this claim. Instead, Plaintiff's husband would be the proper party to bring a claim for loss of consortium against Fred Meyer, but he is not a party. *Id.* To allow Plaintiff to move forward with her claim as pled would run contrary to the purpose of the tort, which is to permit relief to the deprived spouse who has been harmed by the suffering of the impaired spouse. As such, the Court **DISMISSES** without prejudice Plaintiff's improperly pled claim for loss of consortium.

## C. Tortious Interference with Business Expectancy

Plaintiff claims she had an expectation of twenty more months of economic benefit under her Contract with AFCFC until Defendants, "with improper purpose, intentionally terminated her contract." Dkt. # 1-2 at 23. Fred Meyer moves to dismiss this claim, arguing that Plaintiff alleges contradictory facts in her Complaint. Dkt. # 3 at

ORDER – 7

13.

In order to succeed on a claim for tortious interference with business expectancy, a plaintiff must satisfy the following five elements: (1) the existence of a valid contractual relationship or business expectancy; (2) defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Leingang v. Pierce Cty. Med. Bureau, Inc.,* 131 Wash. 2d 133, 157 (1997).

Plaintiff satisfies the first and second element of this claim. As an initial matter, a valid contractual relationship existed between Plaintiff and AFCFC. *See* Dkt. # 3 at Ex. A. According to the Contract, gross sales of the sushi franchise were reported and received by Fred Meyer; therefore, it is likely that Fred Meyer had knowledge of the relationship between Plaintiff and AFCFC. *Id.*

However, Plaintiff's Complaint contains no facts suggesting Fred Meyer acted with an improper purpose or used improper means to interfere with Plaintiff's business expectancy. Instead, Plaintiff's Complaint states that after her injury, Plaintiff continued to work for nearly six months. Dkt. # 1-2 at 14. At some point, the injury became too painful and Plaintiff hired a "helper at her own expense to keep her contract in force." *Id*. Three months later, Plaintiff and her hired helper were "man-handled" off the premises by employer AFCFC.[3] *Id*. at 15. Plaintiff does not plead facts that show Fred Meyer interfered with her business expectancy, nor does she plead facts as to why she and the hired helper were escorted off the premises. It is not clear from the Complaint what role Fred Meyer played in Plaintiff's removal from the premises.

For these reasons, the Court **DISMISSES** without prejudice Plaintiff's claim for

---

[3] In her Complaint, Plaintiff alleges that "[o]n April 26, 2016, at the behest of Defendant Fred Meyer's executive management team and its Store Supervisor Jeremy (Doe), joint venture partner/joint employer AFCFC abruptly appeared with security personnel man-handled Ms. Owa and her Korean Helper off the premises." Dkt. # 1-2 at 15.

ORDER – 8

tortious interference with business expectancy.

**D.  Wrongful Termination in Violation of Public Policy**

Plaintiff claims she was constructively discharged in order to avoid accommodating her alleged disability.  Dkt. # 1-2 at 24.  She further claims that Fred Meyer created an "ongoing and persuasive harassment-based-work-environment," which violates public policy.  *Id*.  In other words, Plaintiff asserts a claim for wrongful discharge.  *Id*.  Fred Meyer moves to dismiss this claim, denying that it terminated Plaintiff or created an atmosphere where Plaintiff felt compelled to resign.  Dkt. # 3 at 14.

In order to succeed on a claim for wrongful termination, a plaintiff must prove (1) the existence of a clear public policy; (2) that discouraging the conduct in which they engaged would jeopardize the public policy; and (3) that the public-policy-linked conduct caused the dismissal.  *Gardner v. Loomis Armored Inc.,* 128 Wash. 2d 931, 941 (1996).  Once a plaintiff satisfies these three elements, the burden shifts to the defendant to show whether there is an overriding justification for the dismissal.  *Id.* at 936.

Plaintiff has not satisfied the third element of this claim because she failed to plead a causal link between a clear public policy and her purported dismissal.  Plaintiff alleges she hurt her hand and could no longer work.  Dkt. # 1-2 at 15.  She also alleges that, many months after she stopped working, she was escorted off the premises.  *Id*.  But Plaintiff does not provide any facts suggesting that she was terminated because of her hand injury or because Fred Meyer was discriminating against her.  Although the Court will assume the truth of Plaintiff's Complaint, as well as credit all reasonable inferences arising from the Complaint, Plaintiff must point to factual allegations that satisfy each element of a claim in order to avoid dismissal.  *See Havens v. C & D Plastics, Inc.,* 124 Wash. 2d 158, 176 (1994) (stating that in order to satisfy the causal element, Plaintiff must "present sufficient evidence of a nexus" between her discharge and alleged public policy violations).  In this case, Plaintiff appears to ask the Court to make extraordinary leaps by accepting conclusory allegations with respect to the causal element of her claim.

ORDER – 9

Plaintiff has not pleaded sufficient facts for her claim, and the Court **DISMISSES** without prejudice Plaintiff's claim for wrongful termination.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Fred Meyer's Motion to Dismiss.  Plaintiff's WLAD claims for (1) retaliation, (2) failure to provide a reasonable accommodation, (3) race-based harassment, (4) unlawful discrimination, and (5) discrimination by association are **DISMISSED** with prejudice.  Plaintiff's claims for (1) loss of consortium, (2) tortious interference with business expectancy, and (3) wrongful termination in violation of public policy are **DISMISSED** without prejudice.

DATED this 7th day of March, 2017.


The Honorable Richard A. Jones
United States District Judge

ORDER – 10