1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

PILRANG BAE OWA,

11

Plaintiff,

CASE NO. C16-1236 RAJ

12

ORDER

v.

13
14

FRED MEYER STORES, et al.,

15

Defendants.

16
17        This matter comes before the Court on Defendant Fred Meyer Stores'
18  ("Defendant" or "Fred Meyer") motion to compel discovery and motion to compel an
19  independent medical examination. Dkt. # 89[1]. Plaintiff opposes the motion. Dkt. # 97.
20        The Court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d
21  732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828,
22  833 (9th Cir. 2011), *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). That
23  _____

24        [1] The Court strongly disfavors footnoted legal citations. Footnoted citations serve as an end-run
    around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash.
25  LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and
    including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-
26  PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the Parties
    from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*,
27  22 F.3d 899-900 (9th Cir. 1994).

1 discretion is guided by several principles. Most importantly, the scope of discovery is

2 broad. A party must respond to any discovery request that is not privileged and that is

3 "relevant to any party's claim or defense and proportional to the needs of the case,

4 considering the importance of the issues at stake in the action, the amount in controversy,

5 the parties' relative access to relevant information, the parties' resources, the importance

6 of the discovery in resolving the issues, and whether the burden or expense of the

7 proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

8        If a party refuses to respond to discovery, the requesting party "may move for an

9 order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party who

10 resists discovery has the burden to show that discovery should not be allowed, and has

11 the burden of clarifying, explaining, and supporting its objections." *Cable & Computer*

12 *Tech., Inc. v. Lockheed Saunders, Inc*., 175 F.R.D. 646, 650 (C.D. Cal. 1997).

13        Defendant argues that Plaintiff has continually failed to adequately disclose

14 computations for future medical expenses, lost earning capacity, or future earnings. Dkt.

15 # 89 at 6. Defendant contends that Plaintiff has not produced evidence beyond 2016-17

16 to support a wage loss claim. *Id.* at 8. The Court finds that these calculations are

17 relevant and instrumental to the resolution of this matter, and the Court agrees that the

18 record supports Defendant's motion. Moreover, Plaintiff's brief in opposition does not

19 sufficiently respond to these issues. Accordingly, the Court **GRANTS** Defendant's

20 motion; Plaintiff may not present evidence beyond the tax returns she already produced

21 to support her claims for wage loss, future medical expenses, and lost earning capacity.

22        Defendant further moves the Court for an order compelling Plaintiff to produce

23 responses with regard to five discovery requests. *Id.* at 9-11 (seeking production for

24 Interrogatory Nos. 4, 5, 7, 11 and Request for Production No. 4). Each of the requests are

25 directly related to Plaintiff's claims and theories of recovery, and Plaintiff's responses are

26 necessary for Defendant's defense preparation. Plaintiff's brief in opposition does not

27 adequately explain why she has failed to diligently respond to Defendant's requests. The

1  Court therefore **GRANTS** the motion and orders Plaintiff to supplement each response

2  and produce discovery no later than ten (10) days from the date of this order.  If Plaintiff

3  has issues complying with this deadline, she is directed to immediately meet and confer

4  with Defendant's counsel to reach a mutually agreed upon production timeline.

5       Finally, Defendant moves the Court for an order compelling Plaintiff to sit for an

6  independent medical examination (IME) with Dr. Vandenbelt.  *Id.* at 11.  The Court has

7  discretion to do so for good cause under Rule 35.  *See* Fed. R. Civ. P. 35(a)(1) ("The

8  court . .  may order a party whose mental or physical condition . . . is in controversy to

9  submit to a physical or mental examination by a suitably licensed or certified

10  examiner.").  Plaintiff does not appear to oppose this request, as she had previously

11  submitted available dates for an IME in December 2017.  Dkt. # 97 at 10.  The Court

12  finds good cause to order Plaintiff to sit for an IME with Dr. Vandenbelt.  The Court

13  therefore **GRANTS** Defendant's motion and orders the parties to meet and confer to

14  mutually agree on a date and time to complete this exam.  However, the Court instructs

15  the parties to agree on a date and time that is within fourteen (14) days from the date of

16  this Order.

17       For the foregoing reasons, the Court **GRANTS** Defendant's motion.  Dkt. # 89.

18  This Order does not operate to extend any discovery deadlines that have already passed;

19  it is narrowly tailored to the issues presented in Defendant's motion.

20       Dated this 5th day of February, 2018.

21

22

23  _____

24  The Honorable Richard A. Jones
    United States District Judge

25

26

27