HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PILRANG BAE OWA,

          Plaintiff,

vs.

FRED MEYER STORES (Western region subsidiary Corp. of the THE KROGER COMPANY); ADVANCED FRESH CONCEPTS FRANCHISE CORPORATION,

          Defendants.

NO. 2:16-cv-01236-RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Defendant Fred Meyer Stores' Motion for Summary Judgment. Dkt. # 108. Plaintiff opposes the motion. Dkt. # 127. For the reasons that follow, the Court **GRANTS** the motion.

Both parties flout the Court's formatting requirements. Defendant's citations are almost exclusively in footnotes. The Court strongly disfavors footnoted legal citations, and made this clear in its Standing Order, Dkt. # 7 at 4, and in a February 2018 Order, Dkt. # 124 at 1. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a

ORDER - 1

legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the parties from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

Plaintiff blatantly violated this District's Local Rules by filing a response that dramatically exceeded the authorized page limits without first seeking leave to do so. W.D. Wash. Local Rules LCR 7(3).

Both parties are guilty of violating this Court's rules regarding formatting and page limits. The Court will not strike either parties' briefs at this time but cautions parties that any further violations may result in sanctions.

## II. BACKGROUND

At this point in the litigation, the parties are intimately familiar with the facts of this case. Plaintiff produced sushi for Defendant pursuant to a franchise agreement with Advanced Fresh Concepts. Plaintiff portrays a work environment riddled with harassment and bullying. Plaintiff is suing for emotional distress as a result of this treatment as well as compensation related to injuries sustained when she moved a pallet jack from in front of a freezer. Defendant moves the Court to dismiss Plaintiff's remaining claims for intentional infliction of emotional distress, negligent supervision, and premises negligence.

## III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.

*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

## IV. DISCUSSION

The following are Plaintiff's remaining claims set for trial in June 2018: intentional infliction of emotional distress; negligent supervision; and premises negligence via common law, *res ipsa loquitur*, and *per se*. Dkt. # 1-2 (Second Amended Complaint). The Court takes each claim in turn below.

ORDER - 3

A. Intentional Infliction of Emotional Distress

In Washington, a claim for intentional infliction of emotional distress (also known as the tort of outrage) has three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress; and (3) actual severe emotional distress on plaintiff's part. *See Rice v. Janovich*, 109 Wn.2d 48, 61 (1987). In order to satisfy the first element, a plaintiff must show conduct "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Kloepfel v. Bokor*, 149 Wn.2d 192, 196 (2003) (quoting *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975)). Outrageous conduct does not include "'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Id*. (quoting *Grimsby*, 85 Wn.2d at 59). Plaintiffs are assumed to be "'hardened to a certain degree of rough language, unkindness and lack of consideration.'" *Id.* (quoting *Grimsby*, 85 Wn.2d at 59).

None of Plaintiff's allegations, even if true, amount to the conduct necessary to establish the tort of outrage. Her claims involving workplace insults and alleged harassment, though certainly troubling and potentially worthy of intervention, do not "go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. As such, the Court **GRANTS** Defendant's motion with regard to this claim.

B. Negligent Supervision

To prove her claim for negligent supervision, Plaintiff must show that (1) an employee of Defendant acted outside the scope of her employment, (2) the employee presented a risk of harm to others, (3) the employer knew or should have known in the exercise of reasonable care that the employee posed a risk to others, and (4) the employer's failure to supervise the employee was the proximate cause of Plaintiff's harm. *Briggs v. Nova Servs.*, 135 Wash.App. 955, 147 P.3d 616, 622 (2006) (citing *Niece v. Elmview Group Home*, 131 Wash.2d 39, 929 P.2d 420 (1997)).

Plaintiff's arguments supporting this claim appear in her Second Amended Complaint, Dkt. # 1-2 at ¶ 2; she fails to support these arguments at the summary judgment stage, *see* Dkt. # 127. Even if the Court were to find in Plaintiff's favor for the first three elements of this claim, Plaintiff does not offer evidence showing that Defendant's failure to supervise the various employees in question was the proximate cause of Plaintiff's harm. In light of the absence of evidence, the Court concludes that no reasonable jury could find in favor of Plaintiff on this claim. Therefore, the Court **GRANTS** Defendant's motion on this claim.

C. Premises Negligence: common law

Plaintiff argues that she was an invitee on Defendant's premises, and therefore Defendant owed her a duty to maintain safe conditions on the premises. Dkt. # 127 at 25. To determine landowner liability to invitees, Washington courts apply the principles contained in the Restatement (Second) of Torts § 343 (1965). *Iwai v. State*, 129 Wash.2d 84, 93, 915 P.2d 1089 (1996). A possessor of land will be liable for physical harm caused to its invitees by a condition on the land only if the possessor:

> (a) knows or in the exercise of reasonable care should have discovered the condition, and should realize that it poses an unreasonable risk of harm to such invitees;
>
> (b) should expect that they either will not discover or realize the danger or will fail to protect themselves against it; and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965). Therefore, Plaintiff must prove that the pallet jack constituted an unreasonably dangerous condition on Defendant's premises that a reasonably prudent property owner would have discovered and remedied or warned about. *Kellett v. Assembled Prod. Corp.*, No. C12-622 RAJ, 2013 WL 3242526, at *3 (W.D. Wash. June 25, 2013). Plaintiff did not provide evidence showing that

Defendant knew or could have known that the pallet jack was blocking the freezer that Plaintiff needed to access on the night in question. Indeed, Plaintiff testified in a deposition that the pallet jack did not usually block the freezer. Dkt. # 109-1 at 6. The night of her injury was the first time she witnessed the pallet jack blocking the freezer. *Id.* (when answering whether she had ever seen the pallet jack blocking the freezer, Plaintiff responded "[t]hat was the first time it was completely in front of the freezer. . . . [S]ometimes I did see pallet jack around the freezer, but it wasn't completely in front of it but more to the side, so there was enough space for me to access the freezer."). There is no evidence in the record or reasonable inferences that can be made to support Plaintiff's contention that Defendant should have realized the pallet jack would be placed in front of the freezer on the night in question, nor is there evidence suggesting that Defendant should have been alerted to the unusual placement of the pallet jack. Plaintiff failed to carry her burden to show premises negligence, and the Court therefore **GRANTS** Defendant's motion as to this claim.

D. Premises Negligence: *res ipsa loquitur* and *per se*

To prove a claim for negligence based on *res ipsa loquitur*, Plaintiff must prove the following elements:

> (1) an injury-producing event of a kind that ordinarily does not occur in the absence of someone's negligence; (2) the event must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Ashland v. Ling-Temco-Vought, Inc.*, 711 F.2d 1431, 1437 (9th Cir. 1983). Plaintiff cannot show that her injury was not due to her voluntary or contributory actions in moving the pallet jack. Accordingly, the Court **GRANTS** Defendant's motion as to this claim.

Plaintiff's final claim is for premises negligence *per se*. However, Plaintiff does not identify which statute she claims gives rise to this claim. She lists several chapters in the Washington Administrative Code and several OSHA regulations. Dkt. # 127 at 31-32. Even if Plaintiff specified which statutes give rise to her claim, the pleadings and record do not support a claim for negligence *per se* arising from a statute that imposes a duty related to "(1) [e]lectrical fire safety, (2) the use of smoke alarms, (3) sterilization of needles and instruments used by persons engaged in the practice of body art, body piercing, tattooing, or electrology, or other precaution against the spread of disease, as required under RCW 70.54.350, or (4) driving while under the influence of intoxicating liquor or any drug, shall be considered negligence per se." Wash. Rev. Code Ann. § 5.40.050. These are the only statutory duties for which Washington recognizes claims for negligence *per se*. As such, the Court **GRANTS** Defendant's motion with regard to this claim.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion. Dkt. # 108. This Order renders Defendant's motion for sanctions **MOOT**. Dkt. # 140 at 2 n.2. This Order operates to **TERMINATE** the parties pending motions in limine. Dkt. ## 177, 179.

Dated this 29th day of May, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge